UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

COOK PRODUCTIONS, LLC,,

        Plaintiff,

   v.

SOMCHIT SITHISAK, et al.,

        Defendants.

C16-1884 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Defendant Doe 7's motion to quash or vacate the subpoena, docket no. 16, is DENIED. The Court must quash a subpoena if the discovery sought "can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). Doe 7 argues that plaintiff's subpoena to Comcast should be quashed because plaintiff has "no credible, reliable evidence that Doe 7 has downloaded plaintiff's movie" and because the subpoena subjects Doe 7 to an undue burden. But plaintiff is not required to prove the substance of its claims in order to obtain discovery, and Doe 7 has offered no support for her bald assertion that discovery of the name, telephone number, address, and email address connected with her assigned Internet Protocol ("IP") address would subject her to undue burden given that compliance requires no action on her behalf.[1] *See Mount Hope Church v. Bash Back!*, 705 F.3d 418, 427-28

---

[1] Doe 7 has likewise failed to articulate any legitimate expectation of privacy in her identity given that she freely communicated the relevant information to her internet service provider. *See, e.g.*, *Sony Music Entm't Inc., v. Does 1-40*, 326 F. Supp. 2d 556, 566 (S.D.N.Y. 2004) ("[D]efendants' First Amendment right to remain anonymous must give way to plaintiffs'

MINUTE ORDER - 1

(9th Cir. 2012) (noting that "undue burden" refers to the "burden associated with compliance" and finding no undue burden where the burdens of complying with the subpoena were not "logistical burden[s] or the result of a failure to narrowly tailor requests."). The Federal Rules of Civil Procedure permit a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," Fed. R. Civ. P. 26(b)(1), and discovery regarding the subscriber's identity is plainly relevant to plaintiff's claims. Although there is no guarantee that the owner of the IP address which downloaded plaintiff's film was, in fact, the person who ultimately downloaded it, the owner is likely to, at a minimum, have information relevant to the discovery of the actual infringer. Precluding discovery of identifying information altogether would prevent copyright holders from enforcing their rights in the BitTorrent context no matter how meritorious the claim or how blatant or widespread the infringement. Identifying the owner of the IP address connected to the alleged infringement is the sole method of advancing plaintiff's claim, and thus, there is no "other source" that would satisfy Fed. R. Civ. P. 26(b)(2)(C)(i).

(2) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 4th day of April, 2017.

William M. McCool
Clerk

s/Karen Dews
Deputy Clerk

---

right to use the judicial process to pursue what appear to be meritorious copyright infringement claims.").

MINUTE ORDER - 2