UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

Civil Case No. 16-cv-1884TSZ

COOK PRODUCTIONS LLC

      Plaintiff,

v.

Thomas Swanicke

MAY 18 2017

### DEFENDANT'S FIRST ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Thomas Swanicke ("Defendant") is identified in Plaintiff's complaint as the Internet Service Provider (ISP) subscriber assigned Internet Protocol ("IP") address 73.19.29.44. I am representing myself *pro se* in this matter before the Court. I understand that *pro se* litigants are required to follow the same rules and procedures as litigants that are represented by attorneys as seen in *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). I will abide by these rules and procedures, but ask the courts indulgence as I'm not a lawyer. I hereby answer the Complaint of Plaintiff Cook Productions LLC ("Plaintiff") as follows:

### ANSWERS TO: I. Introduction

1. Defendant avers that Paragraph 1 of the Complaint makes conclusions that do not require a response.

### ANSWERS TO: II. Jurisdiction and Venue

2. Defendant understands that Plaintiff is seeking relief under the Copyright Act (Title 17 U.S.C. § 101 et seq).

3.      Defendant denies the Plaintiff's allegations in Paragraph 3, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

4.      Defendant denies the Plaintiff's allegations in Paragraph 4, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

### ANSWERS TO: III. Parties

5.      Defendant denies the Plaintiff's allegations in Paragraph 5, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

6.      Defendant denies the Plaintiff's allegations in Paragraph 6, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

7.      Defendant denies the Plaintiff's allegations in Paragraph 7, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

8.      Defendant denies the Plaintiff's allegations in Paragraph 8, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

9.      Defendant denies the Plaintiff's allegations in Paragraph 9, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

**B. Defendants**

10.     Defendant denies the Plaintiff's allegations in Paragraph 10. Even if the IP address in question was associated with the Wireless Firewall/Router (WFR) or network located at Defendant's residence, those facts still do not give rise to personal jurisdiction over the Defendant. An IP address is not a person, rather it is merely a series of numbers assigned to a computer or device, which can be accessed by multiple individuals over time. Moreover, an IP address can be simulated from a separate location by an unscrupulous individual, meaning that Plaintiff's software could inadvertently flag an innocent IP address if it is being simulated or spoofed by another.

11.     Defendant denies the Plaintiff's allegations in Paragraph 11. Defendant's ISP can ONLY identify the ISP subscriber (person who pays the ISP bill) and not who allegedly downloaded/shared Plaintiff's movies. Plaintiff infers Defendant is the alleged offender with no other facts than he pays the ISP bill.

12.     Defendant denies the Plaintiff's allegations in Paragraph 12. Again the Plaintiff infers Defendant is the alleged offender with no other facts than he pays the ISP bill. The Plaintiff also claims to have observed significant Bit Torrent activity, but does not provide any evidence to substantiate this claim. The Plaintiff then makes multiple inferences based off this unsubstantiated claim.

13.     Defendant denies the Plaintiff's allegations in Paragraph 13, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations. The Plaintiff's inferences are unsubstantiated.

14.     Defendant denies the Plaintiff's allegations in Paragraph 14. The Plantiff does not provide any evidence supporting this conclusion. If Google address mapping was actually

used for the Defendant's residence then the Plaintiff would have seen multiple houses and rentals homes within close proximity of the Defendant's residence.

15. Defendant denies the Plaintiff's allegations in Paragraph 15, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

16. Defendant denies the Plaintiff's allegations in Paragraph 16, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

17. Defendant denies the Plaintiff's allegations in Paragraph 17, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

18. Defendant denies the Plaintiff's allegations in Paragraph 18, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

19. Defendant denies the Plaintiff's allegations in Paragraph 19, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

20. Defendant denies the Plaintiff's allegations in Paragraph 20, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

21. Defendant denies the Plaintiff's allegations in Paragraph 21, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

22. Defendant denies the Plaintiff's allegations in Paragraph 22, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

23. Defendant denies the Plaintiff's allegations in Paragraph 23, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

24. Defendant denies the Plaintiff's allegations in Paragraph 24, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

25. Defendant denies the Plaintiff's allegations in Paragraph 25, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

26. Defendant denies the Plaintiff's allegations in Paragraph 26, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

27. Defendant denies the Plaintiff's allegations in Paragraph 27, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

**ANSWERS TO: IV Peer-to-peer Netwroks and the Bit Torrent Protocol**

28. Defendant denies the Plaintiff's allegations in Paragraph 28, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

29. Defendant denies the Plaintiff's allegations in Paragraph 29, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

30. Defendant denies the Plaintiff's allegations in Paragraph 30, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

**ANSWERS TO: V. Computer Forensic Identification of Bit Torrent Infringement**

31. Defendant denies the Plaintiff's allegations in Paragraph 31. The IP is ONLY a series of numbers of which is assigned to an ISP subscriber by the ISP. The public IP address on its own does not equal a person or culpability for some action. Additional investigative effort is required to identify the actual infringer. It should also be noted that simply downloading "one or more bits" from a public IP address does not constitute evidence of downloading/sharing the entire movie (or a substantial part of it).

32. Defendant denies the Plaintiff's allegations in Paragraph 32. The Plantiff's "forensic software" ONLY identifies the IP. A series of numbers of which is assigned to an ISP subscriber by the ISP. The public IP address on its own does not equal a person or culpability for some action. Additional investigative effort is required to identify the actual infringer. It should also be noted that simply downloading "one or more bits" from a public IP address does not constitute evidence of downloading/sharing the entire movie (or a substantial part of it).

33. Defendant denies the Plaintiff's allegations in Paragraph 33. The IP is ONLY a series of numbers of which is assigned to an ISP subscriber by the ISP. The public IP address on its own does not equal a person or culpability for some action. Additional

investigative effort is required to identify the actual infringer. It should also be noted that simply downloading "one or more bits" from a public IP address does not constitute evidence of downloading/sharing the entire movie (or a substantial part of it).

### ANSWERS TO: VI. Joinder

34. Defendant denies the Plaintiff's allegations in Paragraph 34. As previously stated, the public IP address assigned to defendant by the ISP in no way identifies an offender or equals culpability. Plaintiff incorrectly claims Defendant is guilty based only on this fallacy.

35. Defendant denies the Plaintiff's allegations in Paragraph 35, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

36. Defendant denies the Plaintiff's allegations in Paragraph 36, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

37. Defendant denies the Plaintiff's allegations in Paragraph 37, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

38. Defendant denies the Plaintiff's allegations in Paragraph 38, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

39. Defendant denies the Plaintiff's allegations in Paragraph 39, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

40.     Defendant denies the Plaintiff's allegations in Paragraph 40, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

### ANSWERS TO: VII. Cause of Action – Copyright Infringement

41.     Defendant re-affirms the answers he provided in paragraphs 1-40.

42.     Defendant denies the Plaintiff's allegations in Paragraph 42, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

43.     Defendant denies the Plaintiff's allegations in Paragraph 43, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

44.     Defendant denies the Plaintiff's allegations in Paragraph 44. Plaintiff's beliefs are only based on the fact that Defendant pays for the Internet service. Plaintiff has done NO further investigative efforts to get past this fallacy and attempt to identify the true infringer.

45.     Defendant denies the Plaintiff's allegations in Paragraph 45. The Plaintiff should have provided the ISP a take down notice per the Digital Millennium Copyright Act (DMCA) as soon as the offending IP address was noted by its technical monitoring personnel. ISPs receive DMCA take down notices from copyright owners on a daily basis. The ISP would have forwarded the DMCA take down notice to defendant as a normal course of its legal requirement to maintain its "safe harbor" status in accordance with the Online Copyright Infringement Liability Limitation Act. Plaintiff instead chose

to allow this alleged infringement activity to persist without taking any reasonable protective steps to limit it.

46.   Defendant denies the Plaintiff's allegations in Paragraph 46.

47.   Defendant denies the Plaintiff's allegations in Paragraph 47, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

48.   Defendant denies the Plaintiff's allegations in Paragraph 48, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

49.   Defendant denies the Plaintiff's allegations in Paragraph 49.

50.   Defendant denies the Plaintiff's allegations in Paragraph 50. It is irresponsible for Plaintiff to allege "willful" infringement based only on an investigative lack of due diligence. The Plaintiff can only infer Defendant is the alleged offender with no other facts than he pays the ISP bill

51.   Defendant denies the Plaintiff's allegations in Paragraph 51.

### Defenses

### FIRST DEFENSE
### DECLATORY JUDGEMENT

52. Plaintiff incorrectly alleges that Defendant willfully infringed their exclusive rights under United States Copyright Act of 1976, asamended, 17 U.S.C. §§ 101 et seq. (the "Copyright Act").

53. Defendant has not infringed the copyrights of Plaintiff nor violated and exclusive rights held by Plaintiff under the aforementioned statutes. <u>Defendant has never</u>

downloaded/shared Plaintiff's movies. Thus, the defendant denies the allegations of copyright infringement raised by Plaintiff.

54. Defendant is entitled to a declaration as a matter of law that Defendant has not infringed any of the exclusive rights alleged to be held by Plaintiff.

## SECOND DEFENSE
### Rule 12(b)(6), Fed. R. Civ. P.

55. Defendant argues that Plaintiff has failed to state a sufficient factual basis to constitute a cause of action on either count, and therefore requests a dismissal of Plaintiff's Complaint.

56. Because Plaintiff is unable to demonstrate the Defendant committed a volitional act of infringement Plaintiff is wrongfully suing Defendant.

57. Plaintiff is unable to prove that Defendant's alleged activities even constituted an act of infringement because it cannot be demonstrated based on the evidence provided that the Defendant made a complete copy of the work alleged by Plaintiff.

## THIRD DEFENSE
### De Minimis Non Curat Lex

58. Defendant submits that Plaintiff's claim for copyright infringement is barred by the doctrine of de minimis non curat lex (the law cares not for trifle) or *de minimis* use.

59. Any infringing activity using Defendants's Internet connection was momentary at best, and Plaintiff lacks evidence as to the extent and duration of the alleged infringing activity and whether it was proximately or indirectly caused by Defendant.

## FOURTH DEFENSE
### Failure to Mitigate Damages

60. Plaintiff has made no attempt to mitigate any actual or perceived damages, which Defendant expressly denies; therefore, Defendant requests dismissal of Plaintiff's Complaint because Plaintiff has failed to take the reasonable and necessary steps to mitigate any damages.

## FIFTH DEFENSE
### Innocent Infringement

61. Notwithstanding any other defenses disclosed herein or without admitting any conduct alleged by Plaintiff, if Defendant is found liable for infringing Plaintiff's copyrighted material, then Defendant requests that the Court waive or eliminate damages because Defendant constitutes an innocent infringer under the law because other unknown personnel used his Internet connect without his knowledge or consent, thus his actions were not "willful" and he acted in good-faith.

## SIXTH DEFENSE
### Barring of Statutory Damages and Attorney's Fees

62. Plaintiff's claim for statutory damages is barred by the U.S. Constitution. Amongst other rights, the Fifth Amendment right to due process bars Plaintiff's claim. As the Supreme Court has held, due process will prohibit an award of statutory damages meeting or exceeding a proportion of ten times or more actual damages. See State Farm Mutual Automobile Insurance Co., v. Campbell, 528 U.S. 408, 123 S. Ct. 1513, 1524 (2003); see also Parker v. Time Warner Entertainment Co., 331 F.3d 13,22 (2nd Cir. 2003); In Re Napster, Inc., 2005 WL 1287611, 377 F. Supp. 2d 796, 77 U.S.P.Q.2d 1833, (N.D. Cal. 2005). In fact, an award of statutory damages at four times actual damages "might be close to the line of constitutional impropriety." *Id.* If all of Plaintiff's settlements for

infringement of the works in question are added together, the damages likely exceed beyond the statutory maximum allowed by the copyright statute.

### SEVENTH DEFENSE
### Failure to Join an Indispensible Party

63. Defendant asserts the affirmative defense of failure to join an indispensable party, in that Defendant did not engage in any of the downloading and/or infringement alleged by Plaintiff. Defendant was simply the ISP subscriber responsible for paying for Internet access (ISP subscriber) and not the infringer of Plaintiff's works. Plaintiff failed to conduct any significant investigation to truly identify the individual(s) who allegedly engaged in the downloading/sharing in question and who is/are indispensable parties pursuant to Rule 12(b)(7) and 19 of the Federal Rules of Civil Procedure. Plaintiff has simply collected public IP addresses, identified who paid for the Internet service (ISP subscriber), and then sued them in an effort to obtain a settlement for thousands of dollars. For failing to join the indispensible party, Plaintiff's complaint should be dismissed with prejudice as to Defendant.

### EITHTH DEFENSE
### Communication Decency Act

64. As Defendant stated he did not infringe upon Plaintiff's work and other unknown personnel are responsible, Communication Decency Act (DCA), 47 USC, section 230, immunizes ISPs and their subscribers from causes of actions stemming from the action of a third party (unknown infringer).

### NINTH DEFENSE
### License, Consent, and Acquiescence

65. Plaintiff's claims are barred by Plaintiff's implied license, consent, and acquiescence to Defendant because Plaintiff authorized use via Bit Torrent.

### TENTH DEFENSE
### Unclean Hands

66. Plaintiff's claims are barred by the doctrine of unclean hands.

### ELEVENTH DEFENSE
### Injunctive Relief

67. Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate nor is it irreparable.

68. Pursuant to FRCP Rule 11, all possible defenses and affirmative defenses may not have been alleged herein insofar as sufficient facts are not yet available after reasonable inquiry upon the filing of Defendant's answer to the present Complaint, and therefore, Defendant reserves the right to amend its answer to allege additional defenses and affirmative defenses, if subsequent investigation reveals the possibility for additional defenses.

### PRAYER FOR RELIEF

**WHEREFORE,** Defendant having fully answered and pled to the causes of actions herein, Defendant requests a jury trial on the claims herein insofar as they can be properly heard by a jury and an order granting the following relief:

a. A judgment in favor of Defendant denying Plaintiff's requested relief and dismissal of Plaintiff's Complaint with prejudice by this court.

DATED: May 8, 2017

                                                Respectfully submitted,
                                                Thomas Swanicke

                                          By: _____
                                                Thomas Swanicke
                                                8203 86th Ave NE
                                                Marysville, WA, 98270
                                                Telephone: 206-651-5002
                                                Thomas_Swanicke@msn.com

## CERTIFICATE OF SERVICE

      I hereby certify that on 5/12/2017, I served a copy of the foregoing document, via US Mail, on:

> David A. Lowe
> Lowe Graham Jones
> 701 Fifth Avenue, Suite 4800
> Seattle, WA 98104

Dated: 5/15/2017

Respectfully submitted,

*/s/ Thomas Swanicke*

Thomas Swanicke
8203 86th Ave NE
Marysville, WA, 98270
Telephone: 206-651-5002
Thomas_Swanicke@msn.com

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

David A Lowe
Lowe Graham Jones
701 5th Ave Suite 4800
Seattle WA 98104

9590 9402 2082 6132 3145 16

7015 0640 0001 1855 4481

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent ☐ Addressee

B. Received by (Printed Name): John Moss
C. Date of Delivery: 5/12/17

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
   Insured Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt