FILED
LODGED
RECEIVED
MAIL

JUL 18 2017

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| COOK PRODUCTIONS LLC<br>     Plaintiff, | CASE No. 16-cv-1884TSZ |
| v. | |
| Thomas Swanicke,<br>     Defendants. | MOTION TO DISSMISS PLAINTIFF'S COMPLAINT |

## MOTION TO DISMISS

Defendant Thomas Swanicke ("Defendant") is identified in Plaintiff's complaint as the Internet Service Provider (ISP) subscriber assigned Internet Protocol ("IP") address 73.19.29.44. I am representing myself *pro se* in this matter before the Court. I understand that *pro se* litigants are required to follow the same rules and procedures as litigants that are represented by attorneys as seen in *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). I will abide by these rules and procedures, but ask the courts indulgence as I'm not a lawyer.

I hereby move the Court for an order dismissing Plaintiff's claims for relief (for copyright infringement) on the ground that there is no authority under existing law or under a good-faith proposal for an extension of law that would support the imposition of liability for the conduct alleged by the plaintiff. "The Copyright Act does not expressly provide anyone liable for infringement committed by another." Sony v. Universal City, 464 U.S. 417, 434 (1983). However, courts have developed several common-law doctrines of secondary liability,

which are called contributory infringement, *vicarious infringement*, and *inducement of infringement*.

Plaintiff's allegations are inadequate in that no other people or equipment are identified as being used for infringement, and there are no acts by the Defendant to "induce, cause, or materially contribute" to the infringing activity of another.

Plaintiff's actual allegations about Defendant are confined to just three paragraphs and if they are taken to be true (as the Court must while reviewing a Motion to Dismiss under R. 12(b)(6)), they establish:

> Plaintiff filed originally against an unidentified person (a "Doe") known only by a numeric computer address, and now believes that Defendant Thomas Swanicke is that person; The computer address (not any particular person, and certainly not the Defendant) has been observed distributing Plaintiff's motion picture as part of a "swarm;" The computer addresses (not any particular person) "were reproducing, distributing, displaying and/or performing the copyrighted work."

The Plaintiff's is accusing the defendant based only on the basis of paying the bill for the IP address in question. An IP address is not a person, rather it is merely a series of numbers assigned to a computer or device, which can be accessed by multiple individuals over time. Moreover, an IP address can be simulated from a separate location by an unscrupulous individual, meaning that Plaintiff's software could inadvertently flag an innocent IP address if it is being simulated or spoofed by another.

The Plaintiff failed to protect their own copyright material. The plaintiff should have provided the ISP a take down notice per the Digital Millennium Copyright Act (DMCA) as soon as the offending IP address was noted by its technical monitoring personnel. ISPs receive DMCA take down notices from copyright owners on a daily basis and the ISP would have forwarded the DMCA take down notice to defendant as a normal course of its legal requirement to maintain its "safe harbor" status in accordance with the Online Copyright Infringement Liability Limitation Act. Plaintiff instead chose to allow this alleged infringement activity to persist without taking any reasonable protective steps to limit it.

In addition, since responding to the plaintiff's original complaint on 5/12/2017 & filing this response with the court shortly after, the defendant has not been served with any further communication from the plaintiff. Nor has the Plaintiff made any attempt to further investigate.

Plaintiff's allegations, taken as true, do not give rise to liability for contributory infringement, they do not adequately allege secondary liability for infringement under a "contributory infringement" theory. The claim is properly under Defendant's Rule 12(b)(6) MOTION TO DISMISS subject to dismissal.

WHEREFORE, the defendant respectfully requests the Court to dismiss this case, without prejudice.

Dated: 7/11/2017

Respectfully submitted,

Thomas Swanicke
*Pro se*



# CERTIFICATE OF SERVICE

I hereby certify that on 7/12/2017, I served a copy of the foregoing document, via US Mail, on:

David A. Lowe
Lowe Graham Jones
701 Fifth Avenue, Suite 4800
Seattle, WA 98104

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

David A. Lowe
Lowe Graham Jones
701 Fifth Avenue Suite 4800
Seattle, WA 98104

9590 9402 2082 6132 3773 68

2. Article Number (Transfer from service label)

7116 0600 0000 7021 6206

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature]
☑ Agent
☐ Addressee

B. Received by (Printed Name): Emeline McLaughlin
C. Date of Delivery: 7/12/17

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053     Domestic Return Receipt