UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

COOK PRODUCTIONS, LLC,

        Plaintiff,

   v.

THOMAS SWANICKE, et al.,

        Defendants.

C16-1884 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Having reviewed plaintiff's Response to the Order to Show Cause, docket no. 57, the Court construes plaintiff's response as a motion for extension of time to serve the Amended Complaint on defendant Steven Austin and a renewed motion for leave to permit service by mail. The Court is satisfied an additional extension of time to serve is warranted and EXTENDS the deadline to effect service to September 25, 2017.

(2) With regard to plaintiff's request to serve by mail, the Court rules as follows. The Federal Rules of Civil Procedure authorize service in any manner provided by the law of the state in which the court sits. Fed. R. Civ. P. 4(e)(1). RCW 4.28.080 sets forth the methods by which personal service can be effected under Washington law. Washington permits substitute service by mail where the plaintiff "sets forth the following facts: (1) that the defendant could not be found in Washington after a diligent search, (2) that the defendant was a resident of Washington, and (3) that the defendant had either left the state or concealed himself within it, with the intent to defraud creditors or avoid service of process. *Pascua v. Heil*, 126 Wn. App. 520, 526 (2005) (citing RCW 4.28.100(2)); *see also* Washington Civil Rule 4(d)(4) (authorizing substitute service by mail "[i]n circumstances justifying service by publication"). Proof of intent to avoid service is not required, but a plaintiff must set forth facts sufficient for the court to infer

MINUTE ORDER - 1

that plaintiff has been unable to effect service because the defendant is intentionally avoiding it. *See Boes v. Bisiar*, 122 Wn. App. 569, 577 (2004). RCW 4.28.100(2) does not authorize substitute service merely because the plaintiff has been unable to locate the defendant despite diligent efforts. *Id.* (quoting *Bruff v. Main*, 87 Wn. App. 609, 611 (1997)). Although plaintiff has unsuccessfully attempted to serve defendant Austin on 14 occasions—six times between April 27, 2017, and May 8, 2017, and 8 times between June 1, 2017 and June 10, 2017—the facts set forth in the Affidavits of Service, docket nos. 33, 42, are insufficient to give rise to an inference that plaintiff's inability to effect service was due to defendant Austin's intentional avoidance. Mere failure to come to the door does not constitute evasion of service. *Weiss v. Glemp*, 127 Wn.2d 726, 734 (1995). There is no indication that defendant Austin is aware of this lawsuit such that the unsuccessful attempts at service could be construed as intentional avoidance, nor is there evidence that the process servers were "turned away" or "denied access" as plaintiff suggests. In fact, there is no evidence that defendant Austin was present at the residence during any of the unsuccessful attempts at service.[1] Neither of the process servers observed anyone on the property and neither heard any noise from inside the house other than barking dogs. Affidavits of Service, docket nos. 33, 42. On this record, the Court remains unsatisfied that defendant Austin is intentionally avoiding service and accordingly, plaintiff's renewed motion for alternative service by mail is DENIED.

(3)   The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 27th day of July, 2017.

William M. McCool
Clerk

s/Karen Dews
Deputy Clerk

---

[1] Although on two occasions one of the process servers noted a grey Dodge pickup truck not previously observed on the property, Affidavit of Service, docket no. 42, there is no evidence linking that vehicle to defendant Austin.

MINUTE ORDER - 2