UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

COOK PRODUCTIONS, LLC,

        Plaintiff,

   v.

THOMAS SWANICKE, et al.,

        Defendants.

C16-1844 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1)     Defendant Thomas Swanicke's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), docket no. 56, is DENIED. To survive a motion to dismiss, a plaintiff must allege facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In ruling on a Rule 12(b)(6) motion, the Court must assume the truth of the complaint's factual allegations and draw all reasonable inferences in favor of the nonmoving party. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). To state a claim for copyright infringement, plaintiff must establish two elements: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Plaintiff has explicitly pled that it owns a valid and registered copyright in *Mr. Church*, the film that is the subject of this action, Amended Complaint, docket no. 21, ¶¶ 6-7, Ex. A (Certificate of Registration), and the Court finds that plaintiff has adequately alleged that defendant Swanicke copied elements of the copyrighted work. Plaintiff alleges that Comcast assigned a distinct IP address to defendant Swanicke, Amended Complaint, ¶

MINUTE ORDER - 1

20; that defendant Swanicke's IP address "was observed infringing on plaintiff's motion picture" on a certain date and time, *id.*; that the "physical make up and layout" of defendant Swanicke's residence and the security measures taken by Comcast make it unlikely that the IP address was hijacked by others, *id.* at ¶ 14; and that the persistent nature of the infringing activity would have diminished the bandwidth of defendant Swanicke's internet connection such that he would likely have been aware that it was occurring, *id*. Taking all reasonable inferences in favor of plaintiff as the nonmoving party, the fact that defendant Swanicke's IP address was observed copying *Mr. Church*, considered together with the other allegations in plaintiff's complaint, supports a reasonable inference that defendant Swanicke engaged in the copyright infringement alleged in plaintiff's complaint. *See Criminal Productions v. Evans, et al.*, Case No. 16-1647-RAJ, docket no. 36 (W.D. Wash. Jun. 29, 2017); *see also QOTD Film Investment, LTD v. Wilson*, Case No. 16-371-RSL, docket no. 70 (W.D. Wash. Oct. 11, 2016). Accordingly, plaintiff has alleged sufficient facts to state a claim for copyright infringement against defendant Swanicke.

(2) The Clerk is directed to send a copy of this Minute Order to all counsel of record and to defendant pro se Thomas Swanicke via U.S. Mail at 8203 86th Ave. NE, Marysville, WA 98270.

Dated this 24th day of August, 2017.

            William M. McCool
            Clerk

            s/Karen Dews
            Deputy Clerk