UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

COOK PRODUCTIONS, LLC,

        Plaintiff,

v.

THOMAS SWANICKE, et al.,

        Defendants.

C16-1884 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Plaintiff's motion for reconsideration, docket no. 71, is DENIED. By Minute Order entered October 5, 2017, docket no. 70, the Court ruled that any liability on the part of the six remaining defendants in this matter would be joint and several with the six defendants who have settled with plaintiff, and the Court directed plaintiff to file, by October 19, 2017, a declaration listing the amounts each settling defendant has paid to plaintiff. Rather than submitting the required declaration, plaintiff filed a motion for reconsideration, citing to a decision of the Ninth Circuit. *See* Pla.'s Motion at 2 (docket no. 71); *see also Columbia Pictures Television v. Krypton Broad. of Birmingham, Inc.*, 106 F.3d 284 (9th Cir. 1997), *rev'd on other grounds sub nom. Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340 (1998). *Columbia* is distinguishable. In *Columbia*, two different television stations, WNFT and WTVX, broadcast episodes of the program "Who's the Boss" after the related licensing agreements were terminated for failure to timely pay royalties. *See* 106 F.3d at 288. Despite the copyright owner's allegation in its complaint that WNFT and WTVX, which were owned by the same entity, were joint tortfeasors, the district court implicitly found that the stations independently infringed the works and were subject to separate awards of statutory damages. *Id.* at 294; *see also Columbia Pictures Television, Inc. v. Krypton Broad. of*

MINUTE ORDER - 1

*Birmingham, Inc.*, 259 F.3d 1186, 1994 (9th Cir. 2001). The Court has not drawn any similar conclusion contrary to the plaintiff's allegations in this case. In this matter, plaintiff elected to join the twelve individuals at issue, describing them as members of the same BitTorrent "swarm" who shared a particular file with the hash value 52365D3E8F333050CF3779E978504FE0880FD38B, which contains a copy of the motion picture "Mr. Church." See Am. Comp. at ¶ 34 & Ex. B (docket no. 21). As indicated in plaintiff's operative pleading, the BitTorrent protocol facilitates multisource downloading, whereby various pieces of a file are obtained, in a non-sequential fashion, from different members of the peer-to-peer network and are then reassembled into a usable format. See id. at ¶ 28. The crux of plaintiff's copyright infringement claim is that defendants acted in concert to share a copy of "Mr. Church" and thus, pursuant to 17 U.S.C. § 504(c)(1), any defendants found to have engaged in infringement would be jointly and severally liable for statutory damages.[1] See *Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*, 658 F.3d 936, 947 (9th Cir. 2011) ("Statutory damages reach a maximum based on the number of protected works, not the number of defendants."). *Friedman v. Live Nation Merch., Inc.*, 833 F.3d 1180 (9th Cir. 2016), on which plaintiff also relies, does not support a different view. In *Friedman*, the copyright owner sued only one defendant, Live Nation Merchandise ("Live Nation"), for infringing use of certain photographs on T-shirts and a calendar. Id. at 1182. The copyright owner did not join as defendants the 104 retailers who bought infringing merchandise from Live Nation, but sought 104 awards of statutory damages against Live Nation on the theory that it was jointly and severally liable with each retailer for an act of infringement. Id. at 1182 & 1190-91. The Ninth Circuit rejected the copyright owner's argument, concluding that a plaintiff "seeking separate damages awards on the basis of downstream infringement must join the alleged downstream infringers in the action and prove their liability for infringement." Id. at 1192. Because the copyright owner failed to join any of the 104 retailers, Live Nation was subject to only one award of statutory damages for each work infringed. See id. *Friedman* does not address whether multiple persons actually sued for infringement can be treated as jointly and severally liable, and it is completely silent with respect to whether amounts paid by settling defendants can be considered in calculating statutory damages owed, if any, by non-settling defendants. The Court is likewise unpersuaded by plaintiff's citation to *QOTD Film Inv., Ltd. v. Wilson*, 2017 WL 841669 (W.D. Wash. Mar. 3, 2017). In relying on *Friedman* for the proposition that settlements

---

[1] To the extent that plaintiff asserts each defendant independently infringed and would be only severally liable, plaintiff's joinder of the various defendants in this action and all related cases is improper. See *In re BitTorrent Adult Film Copyright Infringement Cases*, 296 F.R.D. 80, 90-92 (E.D.N.Y. 2012) (refusing to allow BitTorrent plaintiffs to use the "swarm joinder" theory to avoid paying court filing fees); see also *LHF Prods., Inc. v. Kabala*, 2017 WL 2587597 (D. Nev. June 13, 2017) (severing and dismissing without prejudice the BitTorrent plaintiff's claims against all but the first-named defendant). By representing to the Court, in connection with the pending cases involving the film "Mr. Church," Nos. C16-1884 TSZ, C17-101 TSZ, and C17-252 TSZ, that defendants in each of three "swarms" were part of a conspiracy, plaintiff has escaped paying in excess of $10,000 in filing fees.

MINUTE ORDER - 2

reached with other defendants in the same action cannot be taken into account, *QOTD* extends the Ninth Circuit's opinion beyond its appropriate or intended scope.

(2) Plaintiff shall file the declaration required by the Minute Order entered October 5, 2017, docket no. 70, by November 17, 2017. *See* *AF Holdings, LLC v. Harris*, 2013 WL 2561120 (D. Ariz. June 11, 2013); *see also* *AF Holdings, L.L.C. v. Harris*, No. 2:12-cv-02144-GMS, Order (docket no. 92) (D. Ariz. Aug. 20, 2013). If no declaration is timely filed, the Court will presume that plaintiff has opted not to proceed, and this action will be dismissed with prejudice.

(3) The Clerk is directed to send a copy of this Minute Order to all counsel of record and to all pro se defendants who have appeared in this action.

Dated this 3rd day of November, 2017.

        William M. McCool
        Clerk

        s/Karen Dews
        Deputy Clerk

MINUTE ORDER - 3