UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

COOK PRODUCTIONS, LLC,

    Plaintiff,

v.

THOMAS SWANICKE; SHANNON REYNOLDS; SAMANTHA WIERZYKAI; FRANKLIN COBB; YOO KYUNG PAK; and TYREE SMITH,

    Defendants.

C16-1884 TSZ

ORDER

THIS MATTER comes before the Court on plaintiff Cook Productions, LLC's motion to resume proceedings, docket no. 80. Having reviewed plaintiff's motion, the materials in the record, and the decision of the United States Court of Appeals in *Cobbler Nevada, LLC v. Gonzales*, 901 F.3d 1142 (9th Cir. 2018), the Court enters the following order.

**Background**

Plaintiff initiated this action against various Doe defendants, alleging on "information and belief" that each Doe defendant copied and distributed the motion picture "*Mr. Church*," alternatively known as "*Cook*" or "*Henry Joseph Church*," a film starring Eddie Murphy and Britt Robertson concerning which the United States Copyright Office has issued to plaintiff Registration No. PA 2-002-851. *See* Compl. at ¶¶ 5-6, 8, & 10 and Ex. A (docket no. 1). Plaintiff cited as evidence of copyright

ORDER - 1

infringement a log of Internet Protocol ("IP") addresses through which a segment of the movie was allegedly transmitted via a peer-to-peer network using the BitTorrent protocol. *Id.* at ¶¶ 10, 15-17 & Ex. B.

After successfully seeking expedited discovery in advance of serving its complaint or conducting any discovery conferences, plaintiff filed an amended pleading identifying, with one exception,[1] the individuals who were associated with the different IP addresses and who had not already settled with plaintiff.[2] *See* Am. Compl. (docket no. 21). Of the six remaining defendants, three have filed answers, namely Thomas Swanicke, Shannon Reynolds, and Yoo Kyung Pak,[3] *see* Swanicke's Answer (docket no. 38); Pak's Answer (docket no. 39); Reynolds's Answer (docket no. 64), and the other three are in default, *see* Orders (docket nos. 58, 59, & 61).

**Discussion**

After plaintiff filed its motion to resume proceedings, the Ninth Circuit issued *Cobbler Nevada*, holding that a defendant's "status as the registered subscriber of an infringing IP address, standing alone, does not create a reasonable inference that he is also the infringer." 901 F.3d at 1145. The Ninth Circuit reasoned that, "[b]ecause

---

[1] Doe 7 was not identified by name in the Amended Complaint because Doe 7 had a pending motion to quash the subpoena duces tecum issued to her Internet Service Provider. *See* Am. Compl. at ¶ 23 (docket no. 21). Doe 7's motion to quash was subsequently denied, *see* Minute Order (docket no. 22), and Doe 7 (Constance Winters) eventually settled with plaintiff, *see* Stip. of Dismissal (docket no. 54).

[2] Plaintiff was directed to file, and has filed under seal, a list of the amounts each settling defendant in this matter has paid to plaintiff. *See* Minute Orders (docket nos. 70 & 72); *see also* Ex. A to Lowe Decl. (docket no. 77).

[3] The Amended Complaint erroneously names Yookyng Pak, rather than Yoo Kyung Pak. The Amended Complaint is hereby AMENDED, and the Clerk is DIRECTED to update the docket accordingly.

ORDER - 2

multiple devices and individuals may be able to connect via an IP address, simply identifying the IP subscriber solves only part of the puzzle." *Id.* To sufficiently state a copyright infringement claim, a plaintiff must allege "something more" to cross "the line between possibility and plausibility of entitlement to relief." *Id.* at 1145 & 1147 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In light of this new guidance from the Ninth Circuit, the Court is inclined to vacate the defaults entered against defendants Samantha Wierzykai, Tyree Smith, and Franklin Cobb, and to reconsider its earlier ruling denying defendant Thomas Swanicke's motion to dismiss, *see* Minute Order (docket no. 68).

Of particular note in this matter are the statements in the answers of defendants Yoo Kyung Pak and Shannon Reynolds that indicate how individuals other than the named defendants might be the infringers for whom plaintiff is searching. In denying the infringement alleged by plaintiff, defendant Pak explains that Comcast/Xfinity has replaced many of its customers' modems/routers with devices that function as "WiFi Hotspots," allowing individuals to access a subscriber's assigned IP address, without a password or the subscriber's knowledge or consent. Pak's Answer (docket no. 39). Indeed, the default setting for Xfinity Gateway modems/routers with WiFi Hotspot capability enables public access. *See* https://www.xfinity.com/support/articles/disable-xfinity-wifi-home-hotspot. Defendant Reynolds has indicated that he did not download *Mr. Church* and did not find the film on any of his family's computers or devices, but he has two teenage boys and "a herd of kids," presumably his sons' friends, who "log into our WiFi when they are over." Reynolds's Answer (docket no. 64). These responsive

pleadings illustrate why an IP address cannot itself be used to state a plausible claim of copyright infringement.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) Plaintiff's motion to resume proceedings, docket no. 80, is GRANTED, but solely for the purpose set forth in Paragraph 2, below.

(2) Plaintiff is DIRECTED to SHOW CAUSE, on or before November 16, 2018, why the Court should not (a) vacate the defaults entered in this matter, *see* Orders (docket nos. 58, 59, & 61); (b) reconsider its earlier denial of defendant Thomas Swanicke's motion to dismiss, docket no. 56; (c) dismiss plaintiff's copyright infringement claim against Swanicke with prejudice and without leave to amend; and (d) dismiss plaintiff's claims against all other defendants (either with or without prejudice) for failure to state a claim upon which any relief beyond what plaintiff has already obtained in settlement can be granted. Any objection by a defendant to plaintiff's response to this show cause order shall be filed by December 7, 2018. Any reply by plaintiff to any such objection shall be filed by December 14, 2018.

(3) The Clerk is directed to send a copy of this Order to all counsel of record and to all pro se defendants.

IT IS SO ORDERED.

Dated this 19th day of October, 2018.

_____
Thomas S. Zilly
United States District Judge

ORDER - 4